**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30028 |
| Plaintiff–Appellee, | D.C. No. 6:14–cr–00482–MC–1 |
| v. | |
| DANIEL JOHNSON, | MEMORANDUM* |
| Defendant–Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted July 7, 2020
Portland, Oregon

Before: BENNETT and MILLER, Circuit Judges, and PEARSON,** District Judge.
Concurrence by Judge BENNETT

Daniel Johnson was convicted of engaging in illicit sexual conduct in a

foreign place, in violation of 18 U.S.C. § 2423(c) and (e) (counts 1-6); traveling to

a foreign place with the intent to engage in illicit sexual conduct, in violation of 18

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

\*\* The Honorable Benita Y. Pearson, United States District Judge for the Northern District of Ohio, sitting by designation.

U.S.C. § 2423(b) (count 7); and crossing state lines with the intent to engage in a sexual act with a person under 12, in violation of 18 U.S.C. § 2241(c) (count 8). He timely appeals the district court's denial of his pre-trial motions for discovery and to dismiss the superseding indictment based on the rule of specialty; his proposed jury instruction on count 8; and motion for a new trial or order of acquittal with regard to counts 1 through 6. Johnson also, for the first time on appeal, argues that a prospective juror's statement during voir dire tainted the jury.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Johnson argues that the superseding indictment, which imposed seven of the eight counts on which he was convicted, should have been dismissed as a violation of the rule of specialty. He also avers that discovery was warranted on the doctrine's applicability.

A district court's finding that a superseding indictment does not violate the rule of specialty is reviewed *de novo*. *United States v. Andonian*, 29 F.3d 1432, 1434 (9th Cir. 1994). Discovery rulings are reviewed for an abuse of discretion. *United States v. Soto-Zuniga*, 837 F.3d 992, 998 (9th Cir. 2016) (citation omitted).

The rule of specialty prohibits a requesting nation from prosecuting an "extradited individual for any offense other than that for which the surrendering state agreed to extradite." *Quinn v. Robinson*, 783 F.2d 776, 783 (9th Cir. 1986). For the doctrine to apply, the criminal defendant must have been involved in

2

"formal extradition proceedings" pursuant to a valid extradition treaty between countries. *See United States v. Valot*, 625 F.2d 308, 310 (9th Cir. 1980). "Neither deportation nor surrender other than in response to a demand pursuant to Treaty constitutes extradition." *Oen Yin-Choy v. Robinson*, 858 F.2d 1400, 1404 (9th Cir. 1988).

No extradition treaty existed between the United States and the Kingdom of Cambodia at the time of Johnson's removal. Therefore, the district court properly found the rule of specialty to be inapplicable to his deportation from Cambodia. The district court also correctly found the doctrine to be inapplicable when, in the course of his removal from Cambodia, Johnson was transported through a South Korean airport. Because Johnson was *transited* through the airport pursuant to Article 17 of the United States-South Korea treaty, as opposed to extradited pursuant to another provision, the rule of specialty had no bearing on the superseding indictment.

2.      Johnson alleges the district court erred when it empaneled a jury tainted by the comment of a prospective juror.

Ordinarily we review a district court's determinations as to juror impartiality, the scope and method of voir dire, and the manner of addressing possible jury misconduct for abuse of discretion. *United States v. Shryock*, 342 F.3d 948, 971-73 (9th Cir. 2003); *United States v. Mendoza*, 157 F.3d 730, 733

3

(9th Cir. 1998). Because Johnson failed to object to jury selection, however, our review is for plain error. *United States v. Lindsey*, 634 F.3d 541, 550 (9th Cir. 2011). Under plain error review, we will reverse only if (1) there was error; (2) the error was plain; (3) the error affected substantial rights; and (4) the error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).

Johnson, relying on our decision in *Mach v. Stewart*, 137 F.3d 630 (9th Cir. 1997), contends that a prospective juror's comment during voir dire—regarding his facial expression—directly contaminated five jurors who rendered verdicts. Johnson's reliance on *Mach* is misplaced. While the prospective juror's comment displayed subjective bias against Johnson, it did not rise to the level of the repeated, inflammatory, expert-like comments made in *Mach*. Also, unlike in *Mach*, defense counsel in the case at bar made no efforts to object to the comment, request a curative instruction, or demand a mistrial. After dismissing the prospective juror for cause, the district court made a number of instructions which mitigated any possible prejudice. Given the overwhelming evidence against him, Johnson has not shown a "reasonable probability" that the comment affected the outcome. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc).

3. Johnson alleges the district court erred in denying him a new trial or

4

alternatively a judgment of acquittal on counts 1 through 6 in light of our decision in *United States v. Pepe*, 895 F.3d 679 (9th Cir. 2018), which held that the pre-2013 version of 18 U.S.C. § 2423(c) did not apply to United States citizens living abroad "unless they were traveling—meaning something more than being in transit—when they had illicit sex." *Id*. at 682.

The denial of a motion for a new trial is reviewed for abuse of discretion. *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). We review *de novo* a district court's denial of a motion for acquittal on the sufficiency of the evidence. *United States v. Ubaldo*, 859 F.3d 690, 699 (9th Cir. 2017). "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (citation omitted).

Johnson argues that given our holding in *Pepe*, § 2423(c) does not reach his conduct because he resided in Cambodia at the time of the sexual offenses and therefore was not "traveling." When we view the facts in the light most favorable to the government, the record does not bear this characterization. The parties stipulated that Johnson traveled from the United States to Cambodia on ten separate occasions between 2005 and 2013. The periods during which each victim was abused corresponded with the dates Johnson traveled to Cambodia. Johnson would return to the United States after each of the charged acts of abuse.

Jurors also heard evidence that Johnson made approximately 30 trips to other parts of Southeast Asia between 2005 and 2013. Importantly, during the nine-year period in which Johnson avers he resided in Cambodia, he maintained a permanent residence in Oregon, held an Oregon driver's license, and took other actions consistent with that of a citizen of the United States traveling temporarily overseas. On U.S. passport forms, for example, Johnson would describe his "trips abroad" as "temporary" and listed multiple countries he planned to visit.

As the jury was presented with overwhelming evidence that Johnson was in fact traveling when the illicit sexual acts occurred, the district court did not err in denying Johnson a new trial or acquittal on counts 1 through 6.

4. Johnson also challenges the district court's jury instruction on count 8, which charged aggravated sexual abuse under 18 U.S.C. § 2241(c). Johnson objected to the government's proposed jury instruction for count 8—which did not require proof of a sexual act—and requested that the district court instead adopt an instruction requiring the government to prove the commission of a sexual act. The district court overruled his objection and adopted the government's proposed instruction requiring the jury to find that: (1) Johnson crossed a state line (2) with the intent to engage in a sexual act with a person who is less than twelve years old.

We review *de novo* "whether the district court's instructions omitted or misstated an element of the charged offense." *United States v. Cherer*, 513 F.3d

1150, 1154 (9th Cir. 2008) (internal quotation marks omitted).

We identified the "essential conduct elements" of the aggravated sexual abuse statute in *United States v. Lukashov*, 694 F.3d 1107, 1121 (9th Cir. 2012). They are: (1) crossing a state line; (2) with intent to engage in a sexual act with a child [under twelve]; and (3) engaging in or attempting to engage in a sexual act with a child. *Id.* In light of *Lukashov*, the district court's jury instruction regarding 18 U.S.C. § 2241(c) fell short in that it omitted the third element, requiring jurors to find that Johnson *engaged* or *attempted to engage* in a sexual act with a child.

"Jury instructions, even if imperfect, are not a basis for overturning a conviction absent a showing that they prejudiced the defendant." *Cherer*, 513 F.3d at 1155 (citation omitted). With its verdict on count three, the jury found that Johnson had engaged in a sexual act with a minor victim. At trial, that victim testified that his passport lists a 2002 birth date, that he lived at Johnson's orphanage between 2009 and 2013, and that Johnson abused him throughout that entire period. Our review of the record leaves no doubt that the victim was under twelve years old during Johnson's conduct. We conclude that the omitted element was "supported by uncontroverted evidence," making it clear beyond a reasonable doubt that the jury verdict would have been the same absent the error. *Neder v. United States*, 527 U.S. 1, 18 (1999).

Accordingly, the omission of an element from the jury instructions

7

constituted harmless error.

**AFFIRMED**.

_____

BENNETT, Circuit Judge, concurring:

In *United States v. Lukashov*, 694 F.3d 1107, 1121 (9th Cir. 2012), a case,

which like this one, arose in the District of Oregon, we made clear that the

"essential conduct" elements of an offense under 18 U.S.C. § 2241(c) include

"engaging in or attempting to engage in a sexual act with a child." *Id.* We decided

*Lukashov* more than five years before this trial. When the government persuaded

the district court not to give Ninth Circuit Model Jury Instruction 8.168, which

included this element,[1] the government did not identify *Lukashov* to the district

_____

[1] The instruction defines the elements as: "First, *the defendant knowingly engaged in a sexual act with [name of victim]*; Second, at the time, [name of victim] was under the age of twelve years; and Third, [the defendant crossed a state line with the intent to engage in a sexual act with a person who was under the age of twelve years] . . . The government need not prove that the defendant knew that the other person engaging in the sexual act was under the age of twelve years." Model Crim. Jury Instr. 9th Cir. 8.168 (2010 ed.), http://www3.ce9.uscourts.gov/jury-instructions/sites/default/files/WPD/Criminal_Instructions_2019_12_0.pdf (last updated Dec. 2019) (emphasis added).

The instruction which the district court erroneously gave, at the government's request, read in pertinent part: "In order for you to find him guilty of this charge the government must prove each of the following elements beyond a reasonable doubt: One, Mr. Johnson traveled across a state line between on or about June 23rd, 2011, and May 29, 2013; and two, Mr. Johnson traveled with the intent to engage in a sexual act with a person who is less than 12 years old. Again, *the*

8

court.  It also did not identify *Lukashov* in its brief on appeal.  We told the parties before oral argument to be prepared to address *Lukashov*, and the government at oral argument argued *Lukashov* was distinguishable because it was a venue case. The government is wrong.  It is wrong that *Lukashov* does not control, and thus the government led the district court astray as to the jury instruction defining the elements of a crime that carried a possible life sentence.  And here Johnson was sentenced to life for that crime.  There is nothing to suggest that the government intentionally failed to cite *Lukashov*—neither the government *nor* the defendant cited *Lukashov* to either the district court or to us.  But I am still very troubled by that failure in the circumstances here.

The government argues on appeal that while the jury instruction was correct, even if it was wrong, any error was harmless.[2]  I reluctantly agree that in the circumstances here, the error was harmless "beyond a reasonable doubt."  *Neder v. United States*, 527 U.S. 1, 17 (1999).  "[T]he jury verdict would have been the same absent the error."  *Id.*

---

*government does not have to prove that Mr. Johnson actually engaged in a sexual act with a person under 12*, but must prove that he traveled with the intent to engage in such conduct." (emphasis added).

[2] "In any event, the district court's refusal to issue the Ninth Circuit model instruction was—at most—harmless error . . . . The jury necessarily found that Johnson had engaged in a sex act with a minor victim who was under 12."

The relevant issue was whether the defendant engaged in sex acts with a child under 12, victim L.S. The defendant contends "[w]e do not know how old [L.S.] was, and the defense could not explore that because with the court's ruling, LS age (under 12) was irrelevant. (His age under 18 was relevant for the other counts.)." This argument has some force, and the problem was entirely of the government's making. But here, the jury saw pictures of L.S. taken during the period of sexual abuse, saw L.S.'s passport photo with his birthdate, heard his testimony, and made a special finding that Johnson knowingly engaged in a sex act with L.S. In addition, L.S. testified that he lived at the Hope Transition Center orphanage from 2009 through 2013,[3] that Johnson began to sexually abuse him just after his arrival, and that this abuse happened several times a week for four years. The pictures of L.S. alone are compelling as to his age when the defendant abused him. The omitted element from the jury instruction is thus "supported by overwhelming evidence," *Neder*, 527 U.S. at 17, and Johnson has shown no evidence in the record to the contrary, nor has he shown what such evidence could be.[4]

---

[3] Based on his passport birthdate, L.S. was 7 years old when he arrived at the orphanage in 2009.

[4] Johnson admits that L.S. "was under 12 for most of his time at [the orphanage]," but also argues that as a result of the erroneous jury instruction, the government didn't need to prove that there was any actual victim to convict on Count 8. True, but it does not affect our harmless error analysis.

I thus concur because the error here was harmless.  But the government should have done better than it did.